IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| SHIRLEY L. HARRIS a/k/a Shirley Harris, | : | BANKRUPTCY NO.: 5-12-bk-00031-JJT |
| DEBTOR | : | |
| SHIRLEY HARRIS, | : | {**Nature of Proceeding**: Complaint to Determine the Validity and Extent of Mortgage Lien Under 11 U.S.C. § 506(d) and 11 U.S.C. § 1322(b)(2)(Doc. #1)} |
| PLAINTIFF | : | |
| vs. | : | |
| AMERIFIRST HOME IMPROVEMENT FINANCE CO., CHARLES J. DeHART, III, ESQUIRE, | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-12-ap-00060-JJT** |

# OPINION[1]

This adversary was initiated by Complaint of the Chapter 13 Plaintiff/Debtor requesting a determination of the validity and extent of mortgage lien under 11 U.S.C. §§ 506(d) and 1322(b)(2). The material facts have been admitted and can be briefly summarized. The Defendant mortgagee retains a second lien against property that is held by the Debtor and her grandson as joint tenants with right of survivorship. By correspondence dated September 7, 2012, and found at Doc. #13, the parties stipulated that the value of the property is less than the balance of the first mortgage lien. The parties also stipulated the only issue remaining for resolution is whether an individual Chapter 13 debtor can avoid a joint mortgage on real property

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

jointly owned with a non-filing grandson with a right of survivorship. By the same correspondence, the parties requested the matter be submitted on briefs with a stipulation of facts to be filed thereafter. A review of the docket indicates a stipulation of facts was not filed of record by the date suggested in the correspondence, and the only party to file a brief was the Plaintiff. Plaintiff's Brief in Support at Doc. #16.

Debtor seeks to strip the entire second lien from the subject property.

I begin my analysis with the pertinent language of 11 U.S.C. § 506(a)(1)(Determination of secured status):

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

To determine the extent of the value of the creditor's interest, I must first establish the extent of the estate's interest in the subject property. Exhibit A to the Complaint is the recorded second mortgage between the parties. Attached to the mortgage is the property description which indicates the premises were conveyed to the Debtor and her grandson "as joint tenants with right of survivorship . . . ." As joint tenants, each is considered in law as owning an undivided share of the whole estate. See Ronald M. Friedman, Ladner Pennsylvania Real Estate Law, § 8.02 (Joint Tenancy) at 8-2 (5th ed. 2012) citing *American Oil Co. v. Falconer*, 136 Pa.Super. 598 (1939).

In *Miller v. Okmi Sul (In re Miller)*, 299 F.3d 183 (3d Cir. 2002), the court faced a request by a debtor to determine the extent to which a lien impaired the claimed exemption in property that, like the present case, was held by joint tenants with right of survivorship with a

non-debtor. Although the *Miller* case addressed a lien avoidance under § 522(f) of the Bankruptcy Code, I find logic to the approach that our Appeals Court used in evaluating the interests of both debtor and lien holder. With that background, I reiterate the *Miller* court's holding because it articulately sets forth the reasoning which I adopt in the case before me.

> We conclude, consistently with the majority of the courts addressing the issue, that what might be characterized as a literal application of section 522(f)(2)(A), in particular section 522(f)(2)(A)(ii), produces an illogical result where a debtor owns property jointly with a non-debtor. It is illogical to net the total outstanding secured debt balance attributable to both a debtor and his joint tenant against the debtor's one-half interest in the property alone because Congress could not have intended that a debtor benefit under section 522(f)(2)(A) by the use of what realistically should be regarded as someone else's debt even if the debtor may be liable personally to the creditor for the entire debt. Such a mechanical application of section 522(f)(2)(A) would provide a windfall to the debtor at the expense of a secured creditor.
>
> In our view, the correct approach is to view the debtor as owning one half of the property to which one half of the mortgage debt is thus attributable and therefore to regard "property" in subsection (ii) to mean the debtor's interest in the property and then to allocate the lien among the interests in the property proportionately. In this case, inasmuch as Miller has a one-half interest in the property, one half of the lien should be allocated to him. In reaching our result we are in agreement with the Court of Appeals for the Eleventh Circuit which in Lehman explained that the similar result that it was reaching there was correct because "a literal interpretation [of section 522(f)(2)(A) ] would disserve the legislative intent behind the provision" and "would produce an absurd result and would violate the Congressional intent." Lehman, 205 F.3d at 1257-58.

*Miller*, 299 F.3d at 186.

Again, the parties have agreed that the balance on the first mortgage exceeds the value of the property. Adopting the *Miller* court reasoning, I find one half of the outstanding balance on the first mortgage is attributable to the estate's interest in the property. The balance of the first mortgage is alleged to be $95,456, making the lien attributable to the estate's one half interest $47,728. I make a similar finding concerning the second mortgage, admitted to be $5,255.50, which the Debtor is requesting be stripped in its entirety. In other words, I find the lien

attributable to the estate's interest in the second mortgage amounts to one half of the balance owed on the second mortgage lien ($2,627.75) which is subject to being stripped.

My Order will follow.

By the Court,

/s/ John J. Thomas

John J. Thomas, Bankruptcy Judge
(CMS)

Date: April 26, 2013